The. case is presented in the following opinion of the court, delivered by
Chancellor DeSaussure.-
This was a feigned issue, to try the validity of a paper, purporting to be the last will of S. E. Graham,-and the jury found the following special verdict:
“We find that Rebecca Campbell, on the twelfth day of January, 1816,' duly made and executed her last will and testament, consisting of the following clause, viz : “I give, devise and bequeath to Mrs. Sarah Cooper, wife of George Cooper, Senr., all my personal property to her, and at her disposal at her death.” That George Cooper, Senr.,- dnd' one William Gibson, Jr;, were named as executors of the said will. That the said Rebecca Campbelljshortly afterwards departed this life, without altering or revoking the same. That the said George Cooper, Senr., departed this life about ten days after the death of the said Rebecca Campbell, not hafc ing proved the will of the said Rebecca Campbell, or qualified thereon, but the same was proved by the surviving executor, William Gibsoti. That shortly afterwards, the legatee, Sarah Cooper, took into her possession all the property, and retained the same in her possession until her intermarriage with John Graham, in the month of February, 181'8; whefi the said John Gtabam took the slaves and other property into his possession, and has retained the possession always since.- We also fin'd that the said Sarah Graham, during her coverture with the said John Gfaham, did, On the 13th day of June, 1834, duly make and execute her last will and testament in writing, by which said last will and testament she disposed of all the said property to her relatives and others, giving to her husband, the said John Graham, a legacy of one hundred dollar's; and we have no evidence that her said husband knew of or assented to the execution of the said will; and shortly afterwards departed this life, without altering or revoking the same. If the eburt should be of opinion from’these facts,- that the said Sarah E. *146 Graham could lawfully dispose of such' property by last will and testament, during her coverture, and without the knowledge and consent of her husband, John Graham, then we find for the defendants in appeal: otherwise, we find for the plaintiff in appeal.”
His Honor, the presiding judge, ordered that the poslea be delivered to the plaisitiff.'
A motion is now made to reversé that order, on the ground that the postea should have been ordered to be delivered to the defendants.
The appeal has been fully and ably argued.
Two questions are made in the case, which require the decision of the court. First, whether the last will of Mrs. Rebecca Campbell gave a sole arid separate estate to Mrs. Cooper? And second, whether Mrs. Cooper, afterwards Mrs. Graham, possessed, and duly exercised, theyws disponendi, over the property bequeathed to her ? The words of the bequest to be construed, are, “I give, devise, and bequeath to Mrs. Sarah Cooper, wife of George Cooper, Senr., all my personal property to her, and at her disposal at her death.”
By the common law, the personal estate of the wife, reduced to possession, becomes the absolute estate of the husband. She may hold property to her sole and separate use, but this is an exception out of the rule. To create a sole and separate estate, free from the control of the husband, requires that there should be a clear and distinct expression of the intention of the grantor, to create such an estate, such a departure from the rule. Equivocal expressions are not sufficient. In the case we are considering, the words of the will are equivocal on this point.
The bequest is to her. This gives an absolute estate in personal property, and she would have the absolute right to dispose of it, dui’ing her life, or at her death; unless she .were a married woman, and thus disqualified by law from exercising acts of ownership over it; in which case, her being and her rights are blended with her husband’s. The addition of the words, “at her disposal at her death,” do not, of themselves, add to or enlarge her interest in, or power over, the property thus previously bequeathed to her. If it had been intended to give her a-sole and separate estate, free from the control of her husband, not subject to his debts, and subjéct to her disposition by deed or will, it would have been easy to have made such provision ; and the law is so desirous to extend to the citizens the right of disposing of their property, according to their affections, wishes, and even caprices, that it will recognize and give effect to such departures from the general rule. It does, however, require, that the expression of such intent should be plain, ex *147 plicit, and unequivocal; else there will be a continual conflict, from the desire to raise up implications of an intention to give a sole and separate estate to the wife, from slight expressions, leading to unceasing litigation. We are therefore of opinion, that the provisions of the will in question, do not create a sole and separate estate in Mrs. Cooper, (afterwards Mrs. Graham,) disposable by. her, whilst a married woman, in derogation of the marital rights. But the personal estate bequeathed, vested in her absolutely, and the marital rights of her husband, Mr. Graham, attached. If the will of Mrs. Campbell had been proved, and the personal property reduced into possession by Mr. Cooper, during his life, his marital rights would have attached. But he died before these acts were done, and the property having afterwards come into the possession of Mrs. Cooper, was her absolute property, during her widowed state and became the property of her second husband, Mr. Graham, on her marriage with him. Under this state of things, the jus disponendi was notin her; and her execution of a testament, with all due formalities, without the consent of her husband, and to the prejudice of his marital rights, was a mere nullity.
The decided cases shew the difficulties which environ the subject, and the perplexities arising from the attempt to give effect to the wishes of parties doubtfully expressed. The English cases are at variance with each other; and our own equally so. In Thompson and Johnson, 4 Eq. Rep. 458, decided in 1814, and in McDonald and Crockett, 2 McCord C. R. 130, decided in 1827, it will be seen how difficult it is to adjudicate steadily and uniformly on this subject; and how important it is, to prevent an incessant litigation, to endeavor to lay down and adhere to some plain intelligible rule, which shall leave as little to inference as possible. I will venture to say, that it would be best to lay down the rule in this manner. That to create a sole and separate estate for the wife, exclusive of the control and debts of the husband, there must be a clear and distinct expression of that intention on the face of the deed, will, or other instrument creating the estate, and leaving nothing to mere inference ; otherwise, the gift or bequest to be taken to belong absolutely to the wife, subject to the marital rights, and not disposable by her whilst a feme covert. And the court is of opinion, that there is no such clear disposition to the separate use of the wife, in the case we are considering, so as to make it a disposable estate by her. The jus disponendi by the wife of a separate estate, where created, has been a vexed question, on which decisions of a conflicting character have been made. The whole subject of the rights and powers of the wife, to bind or dispose of her separate *148 estate, was brought under discussion in the case of Ewing and Smith, decided in 1811, reported in the Equity Reports, 3d vol. 417. It is not nece§sary; nor is it nay intention, to go into an examination or application of that case. It is sufficient to say, that a majority of the then Court of Appeals, (three to two,) were for limiting the power of the wife to bind or dispose of her estate within the narrower limits, in concurrence with those cases, which were the straightest in that respect, and reversed the decree oi the Circuit Court. That it was a disputed doctrine, and a vexed question, is obvious, from the fact that soon after these decisions in South Carolina, the same question in substance came up in New York, before that great jurist Chancellor Kent, who decided differently from the Chancellor here, and in conformity with the decision of the Court of Appeals. But liis decision was reversed by the Supreme Court of Errors and Appeals in New York.
The subject came up again before the Court of Equity in Charleston, ip (th.e case of The Trustees of Mrs. Champneys vs. The Executors of Champneys, in March and April, 1821, which is not reported. And in that case the then Court of Appeals, consisting of five judges, resolved unanimously to adhere to the principles laid down by the majority of the court in Ewing and Smith. The two chancellors who had been in the minority in Ewing and Smith, yielded their judgment to the majority of the court, and concurred in the judgment, that the doctrine might be settled, and litigation on this subject ended. Whether the doctrine as to thejus disponendi may he considered finally settled by these decisions, cannot be known till the question comes up more distinctly and more insulated.
It appears in the case of Frazier vs. Centre & Hall, 1 M’Cord’s Ch. Rep. 270, that the late learned and acute Judge Nott, doubted (page 275) if the question was finally settled in this State. He refers to Ewing and jSmith, and the cases collected there, and to other English decisions, as well as to the decision of the Supreme Court of Errors and Appeals in New York, — 17 Johnson’s Rep. 548, Jaques vs. Methodist Church; and expresses his concurrence with them, in the rule laid down by Lord Hardwicke in Grigby and Cox, 1 Ves. 517, to wit, “That where any thing is settled to the wife’s sole and separate use, she is considered a feme sole; may appoint in what manner she pleases ; and unless the consent of the trustees be made necessary, there is no occasion for that.”
Whatever may be the ultimate judgment of this court, on these conflicting opinions, it is unnecessary to decide now, as the court is of opinion, that the will of Mrs. Campbell, bequeathing her personal property to Mrs. Cooper, did nQt bequeath an estate to her, clear of the marital rights and, *149 control, so distinctly and expressly, as to create a sole and separate estate, exempt from the debts and control of her husband, or subject to the jus disponendi. It is therefore adjudged that the order of Judge Earle be affirmed ; and that the postea be delivered to the plaintiff, John Graham.
JhtvMtn, Sf King, for the motion. Petigru Sf Hunt, .contra.
Gantt, Harper, Richardson, O’Neale, Butler, Evans, and Johnston, CC. and JJ. concurred.